UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PARAMOUNT INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**MIGUEL CHUGUIRIMA, also known as MIGUEL CHUQUIRIMA, et al.,**<br><br>Defendants. | Hon. Claire C. Cecchi<br>Civil Action No. 11-1493 (CCC-JAD)<br><br>**REPORT AND RECOMMENDATION** |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon motion of Paramount Insurance Company ("Plaintiff") to enforcement settlement. The motion to enforcement settlement was referred to this Court for a Report and Recommendation. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** on December 12, 2011, Plaintiff filed a letter informing the Court that the parties had reached an agreement to settle the case whereby Plaintiff agreed to dismiss Count One of the Complaint with prejudice and to dismiss Count Two of the Complaint without prejudice; and

**WHEREAS** on December 14, 2011, the Honorable Claire C. Cecchi, U.S.D.J. entered an Order dismissing the case without prejudice to any party's right to make an application, upon good cause shown within 60 days, to the Court if the settlement was not consummated; and

**WHEREAS** on January 12, 2012, Plaintiff filed the instant motion to enforce settlement due to the fact that two of the Defendants, namely Miguel Chuguirima, also known as Miguel

Chuquirima, ("Chuguirima") and Aidee Miranda ("Miranda") (collectively, "Defendants"), had not signed the stipulation of dismissal; and

**WHEREAS** in support of Plaintiff's motion, Plaintiff's counsel, Michael S. Savett, submitted a Certification (the "Savett Certification") in which he certifies that Defendants' counsel, Lorraine Medeiros, advised that the proposed settlement was acceptable to her clients; and

**WHEREAS** the Savett Certification included a copy of the email from Ms. Medeiros indicating her clients' approval of the settlement; and

**WHEREAS** despite their approval, Chuguirima and Miranda have not signed the stipulation of dismissal; and

**WHEREAS** no opposition to the motion to enforce settlement was ever filed; and

**WHEREAS** this Court scheduled a conference for July 19, 2012[1] and ordered all counsel, as well as Chuguirima and Miranda, to attend; and

**WHEREAS** the purpose of the conference was to enable Chuguirima and Miranda to either sign the stipulation of dismissal or to inform the Court as to why they could not, or would not, so sign; and

**WHEREAS** neither Ms. Medeiros nor Defendants appeared for the conference; and

**WHEREAS** the Court subsequently inquired of Ms. Medeiros as to why she and her clients failed to appear and as to why her clients had not signed the stipulation of dismissal; and

**WHEREAS** Ms. Medeiros informed the Court that she had previously been unable to reach her clients, but had scheduled a meeting with them for July 30, 2012; and

---

[1] The Court notes that the conference was originally scheduled for July 20, 2012 via an order entered on July 13, 2012; on July 17, 2012, the conference was rescheduled for July 19, 2012.

**WHEREAS** Ms. Madeiros assured the Court she would inform the Court on July 30, 2012, immediately following the meeting, as to whether or not the Defendants had signed the stipulation of dismissal; and

**WHEREAS** the Court has not been provided with any information as to whether Defendants have signed the stipulation of dismissal, and if not, why it has not been so signed; and

**WHEREAS** this Court finds there is good cause to enforce settlement as was previously agreed to by the parties;

IT IS on this 31st day of July, 2012,

**RECOMMENDED** that Plaintiff's motion to enforce settlement be granted by signing an Order dismissing Count One with prejudice and Count Two without prejudice, per the terms agreed to by the parties.

_____
JOSEPH A. DICKSON, U.S.M.J.


cc:   Honorable Claire C. Cecchi, U.S.D.J.